Charles C. Weller, A Professional Corporation
CHARLES C. WELLER, ESQ. (SBN: 207034)
8740 Villa La Jolla Drive, Suite 16
La Jolla, California 92037
Phone (858) 414-7465
Fax (858) 404-0147

Attorney for Plaintiffs
Mark Neiber and Launch Marketing Concepts, Inc.

FILED
'07 MAR -9 PM 4:27
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARK NEIBER, an individual; LAUNCH MARKETING CONCEPTS, INC, a Nevada corporation

Plaintiffs,

v.

XYIENCE, INCORPORATED, a Nevada corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No. 07 CV 0449 J (LSP)

**COMPLAINT FOR:**

**VIOLATION OF SECURITIES AND EXCHANGE ACT OF 1934; FRAUD AND INTENTIONAL DECEIT; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING; NEGLIGENCE**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Plaintiffs, MARK NEIBER ("NEIBER") and LAUNCH MARKETING CONCEPTS, INC. ("LMC"), by and through their attorney of record, Charles C. Weller, hereby allege:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1132 (Diversity of Citizenship), and 15 U.S.C. §78j(b) of the Securities Exchange Act of 1934 (hereinafter referred to as the "Exchange Act"), commonly referred to as Section 10(b) Rule 10b-5.

2. Venue is proper in this district, pursuant to 28 U.S.C. §1391(a), in that a substantial part of the events or omissions giving rise to the claims have occurred in this District, and pursuant to 28 U.S.C. §1391(c) in that a corporate defendant shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

3. At all times mentioned in the Complaint, the Defendants, and each and every one of them, in connection with the acts and conduct alleged herein, directly and indirectly used the means and instrumentalities of interstate and foreign commerce, including mails, wires, highway, internet and/or telephone communication systems.

**THE PARTIES**

4. Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 3 of this Complaint as though fully contained herein.

5. Plaintiff MARK NEIBER ("NEIBER") is and was, at all times mentioned herein, an individual residing in San Diego County, California.

6. Plaintiff LAUNCH MARKETING CONCEPTS, INC. ("LMC") was, and is, a corporation formed under the laws of the State of Nevada with it's principal place of business in California.

7. Upon information and belief, at all times relevant hereto, Defendant XYIENCE, INCORPORATED, ("XYIENCE") was, and is, a corporation formed under the laws of the State of Nevada, with offices located at 10650 West Charleston Blvd. Suite 110, Las Vegas, NV 89135

8. Plaintiffs are unaware of the true names, capacities or bases for liability of those Defendants named herein as Does 1 through 100 inclusive. Plaintiffs will seek leave of the Court to allege their true names and capacities after they have been ascertained. Plaintiffs are

informed and believe, and on that basis allege, that each of the Defendants, named herein as Does 1 through 100 inclusive, are, in some manner, liable to Plaintiffs.

9. At all times relevant to this action, each Defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venture, alter ego or surety of the other Defendants and was acting within the course and scope of such agency, employment, partnership, venture, or surety ship with the knowledge and consent or ratification of each of the other Defendants in doing the things alleged herein.

## NATURE OF THE ACTION

10. This is a case about a large supplement manufacturing company that has crossed the line by engaging in securities fraud, lies, manipulation, corruption, collusion, conspiracy, and deceit. Today, XYIENCE is a multi-million dollar company in the approximate range of two hundred and fifty million dollars with a global reach.

11. XYIENCE does business throughout the country with distributors and dealers in nearly every major city in America and in the following countries worldwide: Canada, South Africa/Africa, Pacific Rim, South America/Mexico, Caribbean, Eastern Europe, Asian, Middle East, and Europe.

12. One of XYIENCE'S major distributors, Mesa Distributing, is located in San Diego. Mesa Distributing supplies XYIENCE supplements to approximately 2,500 retail outlets throughout San Diego. In addition, XYIENCE directly does business with fifty-five (55) General Nutrition Centers ("GNC") and over sixty (60) other nutritional supplement retail outlets all in San Diego County.

13. Russell Craig Pike ("Pike") was the Chief Executive Officer ("CEO") of XYIENCE from the inception of the company on July 27, 2004 through January 15, 2007. Based upon information and belief, Pike is still working at XYIENCE, but for purposes of

XYIENCE'S plan for a public offering, he has been removed in title only as XYIENCE'S CEO. Based upon information and belief, Pike is still a director of XYIENCE and is a director and/or president for most of the approximate fifteen shell corporations which were setup for XYIENCE to solicit funds from investors. In 1997, Pike was indicted for bank fraud, money laundering, and aiding and abetting. Two years later, he plead guilty to money laundering and served approximately five years in a federal prison. On December 10, 2002, Pike was released and remained on parole. Pike has been a defendant in over 35 pieces of litigation in the last 20 of years. In one of those cases approximately ten years ago, investors alleged that they were tricked and defrauded by Pike's claims and invested more than $2.8 million dollars in what turned out to be "virtually worthless" when Pike defaulted on over $300,000 worth of loans, forced the company, Advanced Cart, into bankruptcy, and then improperly transferred the assets to an affiliate company that he owned. A U.S. bankruptcy court judge found that Pike had embezzled more than $1 million dollars from investors in order to place gaming bets, and he had destroyed his two companies' financial records to cover up his criminal actions.

14. Based upon information and belief, when Pike was released from federal prison in 2002, he saw another avenue in which he could "trick" investor's again. Pike became involved with another supplement company, John Scott's Nitro ("JSN"), a nutritional supplement company. Based upon information and belief, Pike began raising money from investors under a company called "Nitro Supplements" and represented to investors that their investment was for JSN, when in fact, Pike deceived the investors and embezzled the funds. Subsequently, Pike and JSN had a falling out and JSN sued Pike for theft and embezzlement. Pike then worked on starting a new supplement company, XYIENCE. Andrew Kriechbaumer was an investment partner with Pike at the formation of XYIENCE, and was the acting CFO. Kriechbaumer had family and friends invest in XYIENCE, only to discover that investment funds were being

embezzled by Pike. Kriechbaumer brought suit against Pike to recover those funds and settled out of court for a fraction of his investment.

15. During Pike's reign at XYIENCE as their CEO, XYIENCE failed to pay vendors' invoices (in amounts greater than $1,500,000), failed to honor its commitments (breach of numerous contracts), and based on information and belief, XYIENCE engaged in unlawful and tortuous activity as further detailed below.

## STATEMENT OF FACTS

16. Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 15 of this Complaint as though fully contained herein.

17. On or about July 28, 2005, XYIENCE entered into an agreement ("the Agreement) with LMC for brokerage services. Specifically, LMC was to get XYIENCE products into GNC stores nationwide.

18. Under the Agreement, LMC received a signing bonus of $25,000, 100,000 shares of XYIENCE stock, $14,000 cash per month, stock options in XYIENCE of up to 150,000 shares (at $1 per share), and "cumulative aggregate compensation," which was a term used to denote additional compensation in relation to sales volume.

19. NEIBER is an officer, director and shareholder of LMC. NEIBER'S soon to be ex-wife, Patricia Weldon ("Weldon"), was also an officer, director and shareholder of LMC.

20. Based upon information and belief, around the end of 2005 and beginning of 2006, Weldon, with the help of XYIENCE, attempted to steal and fraudulently take control of LMC, so that she could have all the income, stock, and other compensation for herself. This plan failed, so a new plan was formed.

21. Based upon information and belief, on or about April 23, 2006, XYIENCE colluded with Weldon for the cancellation of the Agreement with LMC so that XYIENCE could

contract directly with Weldon and eliminate NEIBER from any compensation due under the Agreement.

22. On or about April 28, 2006, XYIENCE wrongfully terminated its contract with LMC, and based upon information and belief, XYIENCE entered into a substantially similar contract directly with an newly formed entity, Evolution Brands, which was owned by Weldon. This eliminated NEIBER from any compensation due to him under the July 28, 2005 Agreement with XYIENCE.

23. Based upon information and belief, XYIENCE intentionally, and in bad faith, terminated the LMC contract for an improper and unlawful purpose. As a result of XYIENCE'S wrongful and tortious actions, NEIBER has been damaged in excess of $1,262,433, and NEIBER will seek additional punitive damages at trial.

## FIRST CAUSE OF ACTION

**(Violation of Section 10(b) of the Securities and Exchange Act of 1934)**

24. Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 23 of this Complaint as though fully contained herein.

25. The stock issued to LMC, and for the benefit of NEIBER, constitutes securities under the definition of the Securities Exchange Act.

26. The communications and representations of the Defendants to NEIBER represent untrue statements of material fact and omit other material facts needed for the communications and representations to be truthful and not misleading. These untrue statements and omissions include, but are not limited to, the following:

a. The representation that the stock will be worth millions of dollars;

b. The representation that the company had a "top-notch" management team;

c. The representation that management had taken prior companies public and had successful stock offerings that were "worth millions of dollars";

d. The representation that stock would be issued every trimester;

e. The omission that Pike was a convicted felon who pled guilty to money laundering and spent over 5 years in prison for his actions.

f. The omission that Pike had embezzled millions of investor dollars; and

g. The omission that Pike has been a defendant in more than 35 pieces of litigation in the past 20 years.

27. The conduct of the Defendants in issuing such false communications and representations concerning the above, and in inducing NEIBER to accept stock for his services in the Agreement based upon untrue statements of material fact, constitute a fraudulent course of conduct by the Defendants in connection with the sale of securities to NEIBER in violation of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10(b)(5).

28. The Defendants issued such communications and representations with knowledge of their falsity and knowingly omitted or failed to disclose facts needed to cause their representations and communications to be truthful.

29. NEIBER did not know of the falsity of the communications or representations and did not know that material facts were omitted and, as a result, relied upon the communications and representations of the Defendants and thought they had been truthful.

30. As a direct and proximate result of the actions of the Defendants, NEIBER has been significantly damaged in an exact amount to be proven at trial.

## SECOND CAUSE OF ACTION

**(Fraud & Intentional Deceit)**

31. Plaintiff realleges and incorporates all of the allegations contained in paragraphs 1 through 30 of this Complaint as though fully contained herein.

32. XYIENCE represented to NEIBER that he would be performing brokerage services to XYIENCE under the LMC Agreement for the next three years. XYIENCE further made the representations and concealments of material facts in Paragraph 26 above.

33. The misrepresentations made to NEIBER were of a material fact, essential to the analysis undertaken by him and such that he would not have acted as he did without it.

34. Based upon information and belief, XYIENCE made the misrepresentations with knowledge of their falsity and knowledge of the effect of the concealment of material facts.

35. XYIENCE intended to induce NEIBER to rely on those misrepresentations, and NEIBER actually did justifiably and reasonably rely on XYIENCE'S misrepresentations to his detriment.

36. NEIBER'S reliance on XYIENCE misrepresentations caused NEIBER significant damage in an exact amount to be proven at trial.

**THIRD CAUSE OF ACTION**

**(Breach of Contract)**

37. Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 36 of this Complaint as though fully contained herein.

38. XYIENCE entered into a contract with Plaintiffs on or about July 28, 2005.

39. The Plaintiffs performed all duties and obligations as required on the contract.

40. XYIENCE failed to fulfill their obligations under the contract and failed to do the following:

a. Provide an audit of the XYIENCE books as requested and pursuant to the Agreement;

b. Provide GNC pay-on-scan reports pursuant to the Agreement;

c. Issue stock every trimester pursuant to the Agreement.

41. XYIENCE further breached the Agreement by wrongfully terminating it on or about April of 2006. This breach of contract was done in bad faith and for an improper purpose to depriving NEIBER of his rights under the Agreement.

42. As a result of XYIENCE'S breach of contract, the Plaintiffs have been financially damaged in an exact amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith & Fair Dealing)**

43. Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 42 of this Complaint as though fully contained herein.

44. XYIENCE and LMC had an Agreement for brokerage services. NEIBER had an ownership interest in the value of the services that he was to personally perform for XYIENCE.

45. XYIENCE had a duty to refrain from doing anything which would render performance of the contract impossible by any act of its own, and also the duty to do everything that the contract presupposes that each party will do to accomplish its purpose. This includes a duty of good faith & fair dealing with NEIBER.

46. XYIENCE breached the implied covenant of good faith and fair dealing by interfering with and failing to cooperate with the plaintiffs in the performance of the contract. XYIENCE prevented performance of the Agreement by preventing NEIBER to come to the company's office to perform work as required under the Agreement. Further, XYIENCE breached the implied covenant of good faith and fair dealing with NEIBER by contracting with his soon-to-be ex-wife behind his back and then intentionally terminating his contract in bad faith to deprive him of all rights and compensation.

47. XYIENCE was the proximate and legal cause of NEIBER'S damages, and NEIBER has been significantly damaged in an exact amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**(Negligence)**

48. Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 47 of this Complaint as though fully contained herein.

49. XYIENCE knew that NEIBER was a shareholder and a beneficiary of the LMC Agreement.

50. XYIENCE breached its duty of care to NEIBER when XYIENCE recklessly canceled its Agreement with LMC in bad faith.

51. XYIENCE was the proximate and legal cause of NEIBER'S damages, and NEIBER has been significantly damaged in an exact amount to be proven at trial.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs pray for relief as follows:

1. For compensatory damages of $1,262,433.
2. For punitive damages.
3. For reasonable attorneys' fees, costs and expenses; and,
4. For such other and further relief as the Court may deem just and proper.

Dated: March 9, 2007

Charles C. Weller, A Professional Corporation

By: ______________________

CHARLES C. WELLER, ESQ.
Attorney for Plaintiffs Mark Neiber and
Launch Marketing Concepts, Inc.

VIA FAX

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

MARK NEIBER, an individual; LAUNCH MARKETING CONCEPTS, INC., a Nevada corporation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego

**(EXCEPT IN U.S. PLAINTIFF CASES)**

**DEFENDANTS** '07 CV 0449 J (LSP)

XYIENCE, INCORPORATED, A Nevada corporation; and DOES 1 through 100, inclusive

07 MAR -9 PM 4:28

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Charles C. Weller, Esq.
8740 Villa La Jolla Dr, #16
La Jolla, CA 92037
(858) 414-7465

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

USC 28 USC § 1332

Violation of Securities and Exchange Act of 1934; Fraud & Deceit; Breach of Contract; Breach of the Covenant of Good Faith & Fair Dealing - DIVERSITY

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☒ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 — DEMAND $ $1,262,433.00 — Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE — Docket Number

DATE 3/9/2007 — SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January24, 2000 (3:10pm)

SCA 135893 $350 3/9/07

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 135893 - A
March 9, 2007

| Code | Case # | Qty | Amount |
|---|---|---|---|
| CV086900 | 3-07-CV-0449 | | 60.00 CH |
| Judge | - JONES | | |
| CV086400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total-> 350.00

FROM: CIVIL FILING
MARK NEIBER ET AL V. XYIENCE
INC ET AL
BC# 29005 SH